22-398-cv
*Koppar v. Orange Regional Medical Center*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-three.

PRESENT:    JOSÉ A. CABRANES,
            MYRNA PÉREZ,
            ALISON J. NATHAN,
                    *Circuit Judges.*

---

DR. SHARDUL KOPPAR,
                    *Plaintiff-Appellant,*                          22-398-cv

                    v.

ORANGE REGIONAL MEDICAL CENTER, GREATER
HUDSON VALLEY HEALTH SYSTEM, INC., AKA
GARNET HEALTH, DR. AAMIR GILANI, DR. SAMER EL
ZARIF, DR. SAJID MIR,
                    *Defendants-Appellees.*

---

**For Plaintiff-Appellant:**          Seth Marcus, Law Offices of Seth L. Marcus, Scarsdale, NY.

**For Defendants-Appellees:**         Joseph A. Saccomano, Jr., Esq., Jackson Lewis P.C., White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York. (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Dr. Shardul Koppar commenced an action against the Orange Regional Medical Center ("ORMC") and several other Defendants arising from his termination from ORMC's Internal Medicine Residency Program ("IMR Program"). He alleged both discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and New York State Human Rights Law ("NYSHRL") as well as contract law claims. In 2022, the District Court granted Defendants' motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal, and we review the grant of summary judgment *de novo. See Summa v. Hofstra Univ.,* 708 F.3d 115, 123 (2d Cir. 2013).

Regarding the federal and state discrimination claims, we affirm summary judgment because, as the District Court explained, Spec. App'x 29–39, Plaintiff failed to point to evidence that any adverse employment action was motivated by religious or national origin discrimination.

Next, we turn to Plaintiff's breach of contract claim arising from ORMC's allegedly wrongful termination of his PGY-2 Contract. On appeal, Plaintiff argues that the District Court erred by making a factual finding that the text messages were "unwelcome" and by having "simply ignored that portion of ORMC's sexual harassment policy that the unwelcome comments must create 'a hostile work environment.'" Pl. Br. 19 (citing J.A. 3236).

Neither contention warrants reversal. First, there existed no triable issue of fact as to the *material* question: whether Nutt was in fact uncomfortable and reported the text messages as inappropriate to her supervisor. Defs. Br. 24 ("Ms. Nutt's deposition testimony and actions following the receipt of the text messages demonstrate that she found them unwelcome and inappropriate." (citing J.A. 2024–25)). Second, even though the District Court did not expressly discuss whether Plaintiff's conduct created a hostile work environment, it noted that Nutt testified under oath that she found the messages "offensive, inappropriate and they made her feel uncomfortable." Spec. App'x 47. Because ORMC was reasonably concerned that Plaintiff's conduct interfered with Nutt's performance, we reject Plaintiff's contention that ORMC lacked cause to terminate Plaintiff.

The District Court also granted summary judgment against Plaintiff on his claims: (1) that ORMC breached the contract by failing to provide Plaintiff with a "fair and equitable" grievance procedure, as provided under his contract at § VII.C, *see* Spec. App'x 47–50; and (2) asserting tortious interference with the PGY-2 Contract by Individual Defendants, *id.* at 53.[1] For the reasons stated by the District Court, we conclude that summary judgment was appropriately granted on these claims.

---

[1] The District Court also granted summary judgment in favor of Defendants on Plaintiff's claims (1) that ORMC failed to provide Plaintiff with a "suitable environment for Program training," as provided under § V.A., *see* Spec. App'x at 50–51; and (2) that ORMC and Greater Hudson Valley Health System (owner of ORMC) violated the implied duty of good faith and fair dealing, *see id.* at 51–53. Plaintiff has not appealed the District Court's decision as to those claims.

2

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk